IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3: 16-cv-241

REBECCA WORKMAN, )
)
Plaintiff, )
)  **COMPLAINT**
vs. )
)
)
MATRIX ABSENCE MANAGEMENT, )
INC., and AMERICAN GREETINGS )
CORPORATION, )
)
Defendants. )

PRELIMINARY STATEMENT [1]

The Plaintiff, Rebecca Workman, brings this ERISA action against the Defendants, Matrix Absence Management, Inc. and American Greetings Corporation, alternatively or conjunctively, to secure long term disability benefits to which she is entitled under the long term disability plan and related policies sponsored, administered, and/or underwritten by the Defendants, alternatively or conjunctively. Plaintiff is covered under the policy by virtue of her employment with the Defendant, American Greetings Corporation.

The Plaintiff has suffered and continues to suffer from a debilitating left groin cyst with significant left leg swelling, pain and numbness with radicular pain into her left hip and low back, which, in conjunction with three separate hip replacement surgeries and the need for a total knee arthroplasty on the left side, along with depression, anxiety, high cholesterol, and blood

---

[1] This preliminary statement gives a synopsis of Plaintiff's claim and is not intended as an allegation to be answered by Defendants.

pressure problems, together have rendered her permanently and totally disabled. As a result of these conditions, the Plaintiff, prior to becoming eligible for short-term disability benefits, in the form of her regular salary, exhausted said short-term disability benefits, and made application with the Defendants for long term disability benefits. Plaintiff has also applied for, and been approved for Title II Social Security Disability Benefits through the United States Social Security Administration.

## PARTIES

1. The Plaintiff, Rebecca Workman, is a citizen and resident of Cabarrus County, North Carolina.

2. The Defendant, Matrix Absence Management, Inc., (hereinafter "Defendant Matrix") is, upon information and belief, a corporation duly organized and existing pursuant to the laws of some state and is in the business of administering long-term disability claims for various companies, including the Defendant, American Greetings Corporation, and at all times herein alleged, was doing business in the State of California.

3. The Defendant, American Greetings Corporation, (hereinafter referred to as "Defendant AG") is a corporation duly organized and existing pursuant to the laws of some state and, at all times herein alleged, was authorized to do business in the State of North Carolina. The Defendant, AG, employed workers in the State of North Carolina, and in particular, in Mecklenburg and Cabarrus Counties, and offered to its employees as a benefit of employment, both short term and long-term disability policies, to insure qualified employees of the Defendant AG, including the Plaintiff.

4. The Defendant Matrix, upon information and belief, is, and at all times herein alleged was, the claims administrator for the Defendant AG and its long-term disability plan. In

that respect, as claims administrator, the Defendant Matrix was hired by the Defendant AG to be responsible for the determination of entitlement of long-term disability benefits for qualified employees of the Defendant AG, and providing written decisions to applicants for long-term disability benefits as to whether said qualified applicants meet the terms and definitions of the long-term disability plan offered by Defendant AG and whether said qualified employees are entitled to receive long-term disability benefits under said plan.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. §1132. Plaintiff resides in Cabarrus County, North Carolina. Venue in the Charlotte division of the Western District of North Carolina is appropriate because Defendants do business in this district, Plaintiff's employer, Defendant AG, employs workers in this district, Plaintiff's employment territory covered the City of Charlotte, Mecklenburg County, North Carolina, and the long-term disability plan at issue in this action covers many beneficiaries in this district.

## FACTUAL ALLEGATIONS

6.  On or about January 2, 2000, in consideration of her employment efforts on behalf of the Defendant AG and as an eligible, full time United States employee of the Defendant AG, Plaintiff was insured under a policy of insurance for both short-term disability and long-term disability benefits under the short-term disability and long-term disability plans which provided short-term disability benefits to Defendant AG's employees, then long-term disability benefits to Defendant AG's employees, including Plaintiff, in the event of an inability to perform the material and substantial duties of the employee's regular occupation because of

3

sickness or injury, and that the employee have a twenty (20%) or more loss in his or her indexed pre-disability pay because of that sickness or injury.

7. Under the terms of the short-term disability and long-term disability plans, Defendants, alternatively or conjunctively, are plan fiduciaries. The Defendant Matrix, its successors and/or assigns, sponsors and administers the short-term disability and long-term disability plan issued by the Defendant AG, and that they, alternatively or conjunctively, have authority to grant or deny benefits to applicants.

8. Defendants, alternatively or conjunctively, have a fiduciary obligation to the Plaintiff to administer the short and long-term disability plans in a fair and equitable manner.

9. Under the terms of the aforementioned employee benefit plan, including the short term and long-term disability plans in effect between the Plaintiff and the Defendant AG, Defendants are obligated to furnish short term and long-term disability benefits to qualified plan beneficiaries according to the terms of said plans.

10. On or about April 30, 2012, Plaintiff applied under the short term disability plan of the Defendant AGI for short term disability benefits, and Plaintiff's application for said short term disability benefits was approved by the claims administrator, for the Defendants, and the Plaintiff thereafter received short-term disability benefits pursuant to the short-term disability plan of the Defendant AG for the plan period of twenty-six (26) weeks.

11. Following the exhaustion of her rights to receive benefits under the short-term disability plan, the Plaintiff then made application to the Defendants to convert from short-term disability benefits to long-term disability benefits under the long-term disability plan offered by the Defendant AG and administered by the Defendant Matrix.

4

12. Plaintiff's application to convert to long-term disability benefits was denied by Defendant Matrix, by letter dated October 24, 2012 of Justin Brown, LTD Claims Examiner for Defendant Matrix. Plaintiff responded by a timely appeal letter within 180 days of her receipt of that letter.

13. By letter dated June 20, 2013 by Andrea Duley, Compliance Manager for Defendant Matrix, Plaintiff's Appeal was denied and Plaintiff was advised in that letter that her administrative remedies were exhausted and that her only recourse was to apply to Federal Court for relief under ERISA.

14. At all times herein alleged, Defendant Matrix was acting as claims administration agent for the plan owner, Defendant AG.

15. At all times here alleged, the long-term disability plan was in full force and effect, and Plaintiff complied with all conditions of said Plan, including pursuing all required administrative remedies, and furnishing Defendants with copies of medical records and reports showing that she was and is totally disabled at all relevant times stated in the Plan; that she provided Defendants with an authorization for the release of medical records, and made demands upon Defendants for payment of long-term disability benefits in accordance with the employment benefit insuring agreement.

16. A disinterested decision maker would have given reasonable deference to the records, or reports, and opinions of Plaintiff's medical doctors and would not have discounted their credibility; and the quantity and quality of such records support a finding that Plaintiff was and is disabled pursuant to the language of the plan.

5

Case 3:16-cv-00241-RJC-DCK   Document 1   Filed 05/17/16   Page 5 of 7

17. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

18. Defendants have wrongfully denied long-term disability benefits to Plaintiff in violation of the long-term disability plan and ERISA for the following reasons:

    a. For the qualifying period under the long-term disability plan, Plaintiff was totally disabled in that she could not perform all of the material and substantial duties of her occupation, or of any occupation, on an Active Employment basis because of an injury or sickness;

    b. Defendants failed to accord proper weight to the evidence in the administrative record showing that Plaintiff was totally disabled; and

    c. Defendants have violated their contractual obligation to furnish long-term disability benefits to Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

A. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to long-term disability benefits under the terms of the long-term disability plan and that Defendants be ordered to pay long-term disability benefits according to the terms of the long-term disability plan for the period during the eligible periods under the long-term disability plan.

B. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendants' wrongful denial in providing coverage; and

C. Enter an award for such other relief as may be just and appropriate.

This 17th day of May, 2016.

                                                s/s Michael J. Bednarik
                                                Michael J. Bednarik
                                                Attorney for Plaintiff
                                                NC Bar No.: 10143

**OF COUNSEL:**
**Law Offices of Michael J. Bednarik, P.A.**
**2004 Park Drive**
**Charlotte, NC 28204**
**Tel. 704-376-0808**