| | |
|---|---|
| REBECCA WORKMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MATRIX ABSENCE MANAGEMENT, ) <br> INC., and AMERICAN GREETINGS ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

## ANSWER OF DEFENDANTS

Defendant Matrix Absence Management, Inc. ("Matrix") and Defendant American Greetings Corporation ("AG") (collectively, "Defendants"), by and through Counsel, hereby answer the Complaint of Plaintiff Rebecca Workman ("Plaintiff" or "Workman"), as follows:

## PARTIES

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the Paragraph 1 of the Complaint, and therefore deny it.

2. Defendants admit that Matrix was at all times doing business in the State of California. Defendants admit the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants deny that Plaintiff is an employee qualified to receive benefits pursuant to AG's long-term disability policy or plan. Defendants admit the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Matrix was the third party administrator for AG's long-term disability benefits program for exempt employees from June 1, 2007 until December 31,

2013. On January 1, 2014, Metlife became the third party administrator of AG's long-term disability benefit claims for exempt employees and the insurer and third party administrator of post-January 1, 2014 claims of exempt employees for long-term disability benefits. Defendants further admit that among the services performed by Matrix as third party administrator is the determination of eligibility for long-term disability benefits for qualified employees of AG and providing written communication of its decisions to applicants. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit the Court has jurisdiction over Plaintiff's ERISA claim. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendants admit that on or about January 2, 2000, Plaintiff was a full time United States employee of AG and that she was covered under AG's short-term and long-term disability plans to the extent Plaintiff satisfied the plan requirements for such benefits. Further answering, such plans speak for themselves and Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Matrix, at all times material hereto, administered the short-term and long-term disability plans issued by AG and that Matrix has authority to grant or deny benefits to applicants. Defendants neither admit nor deny the remaining allegations contained in Paragraph 7 of the Complaint as they state legal conclusions.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Complaint as they state legal conclusions.

9. Defendants admit the plans speak for themselves. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff applied for short-term disability benefits and that Plaintiff's application for short-term disability benefits was approved as of April 30, 2012. Defendants admit Plaintiff was approved for short-term disability benefits for a period of twenty-six weeks. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and therefore deny same.

11. Defendants admit that Plaintiff applied for long-term disability benefits under the long-term disability plan of AG, which was administered by Matrix. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Matrix denied Plaintiff benefits under the applicable long-term disability plan, that Matrix employee Justin Brown sent a letter dated October 24, 2012 advising of the decision, and that Plaintiff filed an appeal of that decision. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that by letter dated June 20, 2013 Andrea Duley, then Compliance Manager for Matrix, sent a letter advising Plaintiff that her appeal was denied. Further answering, the letter stated that Plaintiff did not have further recourse under the plan and that Plaintiff may have a right to bring a civil action under ERISA. Plaintiff denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the plan documents speak for themselves. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint. Further answering, Matrix, as the third-party plan administrator, after thorough review and reconsideration of Plaintiff's claim, determined the claim must be denied pursuant to the terms of the applicable plan. Because the plan language grants the plan administrator authority to determine eligibility for benefits and to construe the terms of the plan, the plan administrator's determination is entitled to deference.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny that Plaintiff is entitled to any relief sought in Paragraph 18 of the Complaint and deny all remaining allegations in Paragraph 18 of the Complaint. Further answering, to the extent Plaintiff is alleging any breach of contract claim in this Paragraph 18, such claim is preempted and governed exclusively by ERISA. Because the plan language grants the plan administrator authority to determine eligibility for benefits and to construe the terms of the Plan, the plan administrator's determination is entitled to deference.

## GENERAL DENIAL

19. Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

20. Defendants deny as untrue any and all allegations in the Complaint, including the content of Plaintiff's "Preliminary Statement," not specifically and expressly admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

21. Defendants incorporate by reference into this Paragraph the admissions, denials, and averments from each of the preceding Paragraphs, as if fully restated herein.

22. Defendants assert the following affirmative and additional defenses to the Complaint, but do not assume the burden of proof on any such defense except as required by law.

23. Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

24. All claims alleged in the Complaint, including any breach of contract claim or related common law claim, are preempted by and governed exclusively by ERISA.

25. Because the applicable plan language grants the plan administrator authority to determine eligibility for benefits and to construe the terms of the plan, the plan administrator's claim denial decision is subject to deferential review. The plan administrator's decision was not arbitrary or capricious.

26. Defendants generally deny that they are liable in whole or in part to Plaintiff and further deny Plaintiff's apparent theories of recovery—including, but not limited to, breach of contract and breach of fiduciary duty—which are preempted by ERISA.

27. The damages that Plaintiff seeks were not proximately caused by the alleged acts or omissions of Defendants.

28. Plaintiff's claims are barred for failure to exhaust administrative, contractual, and/or arbitral remedies.

29. Plaintiff's claims are barred by the applicable statute of limitations.

30. Plaintiff's claims are barred by the doctrines of laches, undue delay, waiver, estoppel, and/or unclean hands.

31. Plaintiff's claims for damages are barred or otherwise limited due to her failure to mitigate damages.

32. Even assuming that Defendants committed the acts alleged in the Complaint (which supposition is expressly denied, but posed only for purposes of this affirmative defense), Plaintiff sustained no damages as a result of Defendants' conduct.

33. Plaintiff's benefits received, claims for additional benefits and other damages are subject to recoupment and set-off.

34. Plaintiff is not entitled to attorney's fees, costs, or expenses.

35. Plaintiff's claims for damages are subject to the caps, offsets, limitations, and reductions, set forth in under federal law.

36. Defendants reserve the right to assert additional affirmative defenses and counterclaims as investigation in this matter continues.

## **PRAYER FOR RELIEF**

Wherefore, Defendants respectfully request that the Court issue an award in favor of Defendants and against Plaintiff:

a. denying any and all relief to Plaintiff in her Complaint;

b. awarding Defendants their costs and disbursements, including reasonable attorneys' fees; and

c. granting to Defendants such other relief as justice requires.

Dated: July 13, 2016                 /s/ Robert E. Harrington
                                                         Robert E. Harrington
                                                         N.C. Bar No. 26967
                                                         rharrington@robinsonbradshaw.com

                                                         Susan M. Huber
                                                         N.C. Bar No. 36945
                                                         shuber@robinsonbradshaw.com

                                                         **Robinson, Bradshaw & Hinson, P.A.**
                                                         101 North Tryon Street, Suite 1900
                                                         Charlotte, North Carolina 28246
                                                         Telephone:     704-377-2536
                                                         Facsimile:     704-378-4000


                                                         Jill S. Kirila (*admitted pro hac vice*)
                                                         jill.kirila@squirepb.com

                                                         Kristine M. Woliver  (*admitted pro hac vice*)
                                                         kristine.woliver@squirepb.com

                                                         **Squire Patton Boggs (US) LLP**
                                                         2000 Huntington Center
                                                         41 South High Street
                                                         Columbus, OH  43215
                                                         Telephone: 614-365-2700
                                                         Facsimile: 614-365-2499


                                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint was electronically filed with the Clerk of Court using the CM/ ECF system, which will send notification of such filing to the following:

>Michael J. Bednarik
>mike@bednariklaw.com
>Law Offices of Michael J. Bednarik, P.A.
>2004 Park Drive
>Charlotte, NC 28204

>s/Robert E. Harrington_____
>Robert E. Harrington